**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| T.M.,[1] <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF UNION, NEW JERSEY, et al., <br><br> Defendants. | Civil Action No. 21-20268 (MAS) (LHG) <br><br> **OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on the Court's review of Plaintiff T.M.'s civil complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-2.) Having reviewed Plaintiff's application, this Court finds that Plaintiff has shown that he is entitled to proceed *in forma pauperis*, and his application shall be granted. Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief,

---

[1] Following the filing of the complaint, which was neither redacted nor accompanied by a formal motion to seal, Plaintiff submitted a letter in this matter asking that his name and address be abbreviated to hide his identity in light of the alleged sexual abuse involved in his claims. (ECF No. 3.) Generally, a plaintiff seeking to have his information hidden from public access must file a formal motion to seal the documents in question containing all of the information set forth in Local Civil Rule 5.3(c)(3). While Plaintiff has failed to comply with the requirements of the rule, because of the nature of the allegations in this matter, this Court will identify him in this opinion and the accompanying order solely by his initials. To the extent Plaintiff wishes to have his complaint or the docket of this matter further redacted, he must file a formal motion in compliance with Local Civil Rule 5.3(c).

or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed.

## I. BACKGROUND

Plaintiff is a sixty-seven year old man who currently resides in Pennsylvania. (ECF No. 1 at 4.) In his complaint, Plaintiff seeks to raise claims pursuant to 42 U.S.C. § 1983 and various state laws arising out of alleged physical and sexual abuse[2] he suffered at age 12 while confined in the New Jersey State Home for Boys, a juvenile correctional facility. (*Id.* at 4-29.) It is thus clear that all of Plaintiff's claims arise out of events which occurred approximately fifty years ago and are not of recent vintage. (*Id.*)

## II. LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences

---

[2] Plaintiff chiefly complains about his being repeatedly subject to corporal punishment in the form of being beaten on his bare bottom. The purpose of characterizing the beatings as sexual in nature appears to be an attempt at making use of New Jersey's newly enacted extended statute of limitations for claims of sexual abuse. As explained below, the distinction is immaterial for the purposes of determining the timeliness of Plaintiff's federal claims, and this Court therefore need not determine whether Plaintiff's allegations are properly categorized as physical or sexual abuse.

from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   **DISCUSSION**

In his complaint, Plaintiff seeks to raise § 1983 and state law claims asserting that he was physically and sexually abused while confined in a New Jersey state correctional facility for boys in the mid to late 1960s. (ECF No. 1 at 4-21.) Section 1983 claims arising out of events occurring in New Jersey, however, are subject to a two-year statute of limitations. *See, e.g., Gavin v. Bd. of Educ.*, No. 20-9191, 2021 WL 1050634, at *2-5 (D.N.J. Mar. 18, 2021). Plaintiff contends in his

3

complaint, however, that he should be permitted to evade this statute of limitations because New Jersey recently created a specialized extended limitations period for claims of childhood sexual abuse or assault. *See id.* at *2-3. In *Gavin*, Judge McNulty explicitly rejected such an argument, explaining as follows:

> The relevant case is *Owens v. Okure*, 488 U.S. 235 (1989). That plaintiff asserted a federal § 1983 claim arising from an alleged arrest and beating. [Because] § 1983 contains no [explicit] limitation period, . . . federal courts [had to] borrow an appropriate limitations period from state law. The issue presented to the U.S. Supreme Court was a choice between two potentially applicable statutes of limitations: (a) New York's specialized statute of limitations for eight specified intentional torts, or (b) its general statute of limitations for personal-injury claims. *Id.* at 237. The Supreme Court noted the wide variety of limitations periods to be found in state law and invoked the need for uniformity. The Court thus rejected the notion that courts should mix and match, borrowing the state limitations period for the tort most analogous to each of the federal law claims. *Id.* at 243-50. To put it another way, the Supreme Court has abandoned the idea that the federal § 1983 limitation period will differ based on the theory of injury. *Id.* at 240.
>
> Instead, the Supreme Court adopted a predictable, easily administered rule: [a] state's general personal-injury statute of limitations governs all § 1983 claims. *Id.* at 243-50. Although *Owens* addressed only § 1983 claims, the Court has applied its reasoning to other federal claims that resemble personal injury claims. *Reed v. United Transp. Union*, 488 U.S. 319, 334 (1989).
>
> In the three decades since *Owens*, multiple states have extended the limitation period for sexual-assault claims. The federal Courts of Appeals, citing *Owens*, have uniformly held that such specialized limitation periods do not apply to federal claims. Instead, they have continued to apply the applicable state's general personal-injury statute of limitations. *See King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015); *Woods v. Ill. Dep't of Children & Family Servs.*, 710 F.3d 762, 768-79 (7th Cir. 2013); *Bonneau v. Centennial Sch. Dist. No. 28J*, 666 F.3d 577, 579-80 (9th Cir. 2012); *Blake v. Dickason*, 997 F.2d 749, 751 (10th Cir. 1993).

*Gavin*, 2021 WL 1050364 at *3-4. Agreeing with these Courts of Appeals that *Owens* precluded the application of a specialized statute of limitations to federal claims, Judge McNulty rejected the

contention that New Jersey's specialized sexual assault statute of limitations should apply to sexual assault-related § 1983 claims, and instead applied the general two year limitations period normally applicable to § 1983 claims. *Id.* at *5. This Court agrees with Judge McNulty that *Owens* forecloses the application of New Jersey's specialized extended limitations period to Plaintiff's § 1983 claims, and finds that the general two-year limitations period applies to all of the federal claims Plaintiff raises in this action. *Id.* at *3-5. As all of Plaintiff's claims occurred more than fifty years ago, and as Plaintiff was clearly aware of all of his claims decades before he filed this action, his federal claims must all be dismissed without prejudice as time barred.[3]

As all of Plaintiff's federal claims must be dismissed, this Court must determine whether it has jurisdiction over Plaintiff's state law claims. Only two sources of jurisdiction are relevant here – diversity jurisdiction under 28 U.S.C. § 1332, and supplemental jurisdiction under 28 U.S.C. § 1367. Turning first to the question of diversity jurisdiction, a plaintiff pleading diversity jurisdiction must plead complete diversity of citizenship and a sufficient amount of damages in controversy. *Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 106 (3d Cir. 2015). Generally, this requires a plaintiff to either plead the citizenship of each party in the case or to plead that each defendant is not a citizen of his home state. *Id.* The issue becomes more complicated, however, when one of the defendants is an unincorporated association or union. *Id.* at 107-08; *see also Loc. No. 1 (ACA) Broad. Emps. of the Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 614 F.2d 846, 853 (3d Cir. 1980). This is because such an association or union has no citizenship apart from that of its members. *Loc. No. 1*, 614 F.2d at 853. A plaintiff seeking to plead diversity in a case

---

[3] Because Plaintiff could conceivably attempt to plead that he may be entitled to some form of tolling of the statute of limitations, Plaintiff's claims shall be dismissed without prejudice at this time. Plaintiff is free to either file an amended complaint in this matter addressing the deficiencies noted in this opinion or to pursue his state law claims in New Jersey state court.

involving such an association must therefore either plead that no member of the association or union is a citizen of his state or identify and plead the citizenship of each member of the association. *Lincoln Benefit Life Co.*, 800 F.3d at 108. Here, Plaintiff names as a Defendant PBA Local 105, a union covering correctional officers and others employed in the state of New Jersey, including at least three of the other named Defendants in this matter. (*See* ECF No. 1 at 6-7.) Although Plaintiff asserts that the named Defendants in this matter are domiciled in New Jersey, he makes no effort to plead the citizenship of the numerous members of PBA Local 105 – he does not identify the members of the union, nor does he plead – affirmatively or negatively – the citizenship of those members. He has therefore failed to plead complete diversity of citizenship as he has failed to plead facts indicating that the members of the union are all *not* citizens of his home state of Pennsylvania. *Lincoln Benefit Life Co.*, 800 F.3d at 108.

As Plaintiff has failed to sufficiently plead complete diversity as required by Rule 8(a)(1), *see Lincoln Benefit Life Co.*, 800 F.3d at 108, this Court would only have jurisdiction over his remaining claims if the Court were to exercise supplemental jurisdiction over those claims. A district court, however, "may decline to exercise supplemental jurisdiction over a claim" where the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). Indeed, the Third Circuit has held that where all federal claims have been dismissed, a district court must decline to extend supplemental jurisdiction absent a strong justification for doing so. *Gavin*, 2021 WL 1050364 at *5 (quoting *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)). As this Court has dismissed all claims over which it had original jurisdiction as time barred, and as Plaintiff has failed to plead complete diversity which would otherwise provide jurisdiction for his claims, this Court declines to extend supplemental jurisdiction over Plaintiff's pendent state law claims, and his complaint shall be dismissed in its entirety without prejudice. *Id.*

## IV. <u>CONCLUSION</u>

For the reasons expressed above, Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

_____<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**