**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

T.M.,

        Plaintiff,

v.

COUNTY OF UNION, NEW JERSEY, *et al.*,

        Defendants.

Civil Action No. 21-20268 (MAS) (LHG)

OPINION

**SHIPP, District Judge**

This matter comes before the Court on the Court's review of Plaintiff T.M.'s amended complaint (ECF No. 6) and motion seeking leave to amend (ECF No. 7). Because this Court already granted Plaintiff leave to file an amended complaint (*see* ECF No. 5), and Plaintiff filed his amended complaint within the time provided by this Court's order, Plaintiff's motion to amend is granted. Because the Court previously granted Plaintiff *in forma pauperis* status (*see id.*), the Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's amended complaint is dismissed in part and permitted to proceed in part.

**I.    BACKGROUND**

Plaintiff is a sixty-seven year old man who currently resides in Pennsylvania. (ECF No. 6 at 4.) In his complaint, Plaintiff seeks to raise state law claims against numerous Defendants, all of whom he contends reside in New Jersey, based on events that occurred while he was detained

at a New Jersey state juvenile detention facility when he was twelve years old. (*Id.*) Specifically, Plaintiff contends that upon his first being taken to that facility in 1965, he was subjected to the beating of his bare buttocks by a John Doe correctional officer, allegedly for the officer's sexual gratification, every few days for six weeks. (*Id.* at 7-8.) Plaintiff alleges that he was not the only one subjected to this treatment over this time period – the seven other boys who came to the facility with him were also subjected to these beatings.[1] (*Id.*)

After the six weeks were up, Plaintiff was transferred to a "cottage" unit, where he was housed with thirty other boys, all of whom were of a different race than Plaintiff, which Plaintiff believes was specifically designed to terrorize him. (*Id.* at 8.) While housed in this unit, Plaintiff was beaten by other boys on a regular basis, while administrators and the unit overseer did nothing to protect him or end the violence. (*Id.* at 12.) Plaintiff subsequently attempted to escape, was caught, and placed in solitary confinement for ninety days. (*Id.*)

In addition to his claims against the staff of the juvenile detention facility, Plaintiff seeks to raise claims against the Union County probation officers and the county itself for initially recommending Plaintiff's placement in the juvenile facility. (*See id.* at 29-31.) Plaintiff believes that the staff recommended this punishment for Plaintiff out of religious or ethnic animus. (*Id.*)

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's amended complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

---

[1] In his complaint, Plaintiff suggests that there were racial connotations to the beatings as he was white and the John Doe officer was Dominican. (*Id.* at 8.) In direct contravention to his allegations that he was beaten *because* he was white, however, he also alleges that he saw other boys—all of whom were "young Negro boys"—beaten in the same manner by the officer. As the officer's possible racial animus is largely immaterial to this evaluation of Plaintiff's complaint, this Court need not resolve the apparent contradiction at this time.

2

relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

Plaintiff seeks to bring personal injury claims, including claims under the New Jersey Civil Rights Act and claims pursuant to various state law tort theories of liability, against numerous Defendants including staff of a New Jersey juvenile detention center, the superintendent and assistant superintendent of the facility, the then Governor of New Jersey, the state of New Jersey itself, Union County, and various county probation officials.[2] Plaintiff's claims all concern events which occurred in the 1960s, decades before this action was filed.

All of Plaintiff's claims assert personal injury causes of action brought pursuant to state law. In New Jersey, personal injury claims, including those brought on behalf of those who were minors at the time of the events in question, are subject to a two year statute of limitations. *See, e.g.*, N.J. Stat. Ann. § 2A:14-2. In 2019, however, the New Jersey legislature adopted an exception for sexual assault claims. Specifically, the legislature adopted N.J. Stat. Ann. § 2A:14-2b(a), which provides that "an action at law for an injury resulting from the commission of . . . sexual abuse . . . that occurred prior to [December 1, 2019], and which action would otherwise be barred through application of the statute of limitations, may be commenced within two years immediately following [December 1, 2019]." In this matter, only one group of Plaintiff's claims—those related to the alleged sexual abuse he suffered in the form of repeated spankings of his bare buttocks for the gratification of the John Doe corrections officer—relate to "an injury resulting from" alleged sexual abuse.

---

[2] Plaintiff brings his state law claims in this Court under the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332. Although Plaintiff alleges that he is a resident of Pennsylvania and all Defendants are residents of New Jersey, and the Court will permit this matter to proceed on that basis, Plaintiff's complaint may be subject to dismissal for lack of jurisdiction at a later date if it becomes apparent that any of the Defendants, most of whose addresses Plaintiff does not yet know, are in fact residents of Pennsylvania.

All of Plaintiff's other claims—including his claims related to being placed in a housing unit with a large population of black children, being placed in solitary confinement following an escape, and his being referred for placement in the juvenile facility by county officials—do not relate to sexual abuse, and thus are not subject to the exception to the statute of limitations. As all of those claims accrued in the 1960s, nearly sixty years before this matter was filed, Plaintiff's non-abuse related claims are clearly time barred absent some basis for decades of tolling of the standard limitations period. As Plaintiff has presented no basis for tolling, and this Court finds no such basis in the amended complaint, Plaintiff's claims that are not related to the alleged repeated spankings that occurred upon intake must be dismissed as time barred.

With all non-abuse related claims dismissed as untimely, only the following claims remain to be dealt with – Plaintiff's claim that John Doe sexually assaulted him[3], Plaintiff's claim that the John Doe Superintendent and Assistant Superintendent failed to protect him from the sexual abuse, and Plaintiff's civil rights supervisory claims and negligent supervision claims related to the sexual abuse against Governor Hughes, the John Doe Superintendent and the Assistant Superintendent. Plaintiff also seeks to raise tort claims against the State of New Jersey and the New Jersey Department of Corrections. Although the Court will permit Plaintiff's sexual assault-related claims against the John Doe corrections officer, John Doe Superintendent, John Doe Assistant Superintendent, and Governor Hughes to proceed against them in their individual capacities at this

---

[3] Plaintiff raises his claims against his alleged abuser as direct sexual abuse claims, intentional infliction of emotional distress claims, gross negligence claims, and loss of consortium claims.

time,[4] Plaintiff's official capacity claims and claims against the State and Department must be dismissed under the Eleventh Amendment.

Under the Eleventh Amendment, "an unconsenting State is immune from suits brought in federal courts." *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013) (quoting *Edelman v. Jordan*, 415 U.S. 651, 663 (1974)). This immunity from suit extends not only to the State itself, but also to its agencies and arms. *See, e.g.*, *Grohs v. Yatauro*, 984 F. Supp. 2d 273, 280 (D.N.J. 2013). As "a suit against a state official in his or her *official* capacity is not a suit against the official but rather is a suit against the official's office," state officials are likewise immune under the Eleventh Amendment for claims seeking damages against them in their official capacities. *Id.* (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Plaintiff's claims against New Jersey, the Department of Corrections, and the remaining Defendants in their official capacities are therefore dismissed with prejudice.

## IV.  CONCLUSION

For the reasons expressed above, Plaintiff's motion to amend (ECF No. 7) is **GRANTED**; Plaintiff's amended complaint shall proceed in part at this time, Plaintiff's official capacity claims and claims against the State of New Jersey and the New Jersey Department of Corrections are

---

[4] The Court notes that at least one of these named Defendants, Governor Hughes, is deceased, a fact Plaintiff appears to recognize to the extent he sought to name the estates of some Defendants in his amended complaint. Given the age of those involved, and the significant passage of time, it is likely that some, if not all, of the John Doe Defendants are also deceased. Given the current preliminary state of this matter, and the lack of clear caselaw indicating that NJCRA claims brought against the estate of a deceased individual are per se impermissible, this Court does not distinguish between the named individuals and their estates in this opinion or the accompanying order, and Plaintiff's claims may proceed against either the named individuals to the extent they remain alive, or their estates to the extent they are deceased, at this time. The Court notes, however, that the onus is upon Plaintiff to identify the proper place and individual to serve for each remaining Defendant, a task that may prove herculean given the age of his claims and the deceased status of at least some of the Defendants.

**DISMISSED WITH PREJUDICE**; and Plaintiff's non-sexual abuse related claims are **DISMISSED** as time barred. An order consistent with this Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**