UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| T.M., <br><br> Plaintiff, <br><br> v. <br><br> COUNTY OF UNION, NEW JERSEY, *et al.*, <br><br> Defendants. | Civil Action No. 21-20268 (MAS) (LHG) <br><br> **MEMORANDUM ORDER** |

This matter comes before the Court on Plaintiff's motion seeking to have the Court amend its order proceeding his amended complaint in part. (ECF No. 12.) Specifically, Plaintiff requests the Court to vacate the dismissal of his claims against the New Jersey Department of Corrections and against certain Defendants in their official capacities, as he believes his filing of tort claims notices with the relevant state entities prior to filing suit defeats these Defendants' Eleventh Amendment immunity.

Whether brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure or Local Civil Rule 7.1(i),[1] the scope of a motion for reconsideration is extremely limited, and courts will grant such motions only sparingly. *Delanoy v. Twp. of Ocean*, No. 13-1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (as to Local Civil Rule 7.1(i)); *see also Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (as to Rule 59(e)). An order of the Court may be altered or amended pursuant to such a motion only where the moving party establishes one of the following grounds

---

[1] To the extent that Plaintiff's motion challenges a non-final order and thus arises under Rule 7.1(i), this Court notes that Plaintiff's motion is patently untimely as it was filed twenty-seven days after the order it seeks to have this Court reconsider. *See* Loc. Civil Rule 7.1(i) (reconsideration motions must be filed within 14 days of the date of the order being challenged); *see also Smart v. Aramark, Inc.*, 618 F. App'x 728, 730, 730 n.3 (3d Cir. 2015).

for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Delanoy*, 2015 WL 2235106, at *2 (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Blystone*, 664 F.3d at 415 (applying same standard to 59(e) motions). In the reconsideration context, a manifest injustice will generally arise only where "the Court overlooked some dispositive factual or legal matter that was presented to it," or committed a "direct, obvious, and observable" error. *See Brown v. Zickefoose*, No. 11-3330, 2011 WL 5007829, at *2 n.3 (D.N.J. Oct. 18, 2011).

Plaintiff's argument in his reconsideration motion is utterly without merit. While a tort claims notice is relevant to the question of whether a specific defendant is entitled to immunity under state law in a suit brought in the *state* courts, the filing of such a notice is entirely irrelevant to whether that defendant is entitled to Eleventh Amendment immunity. *See Hyatt v. Cnty. of Passaic*, 340 F. App'x 833, 837 (3d Cir. 2009) (the New Jersey Tort Claims Act "does not expressly consent to suit in federal courts and thus is not an Eleventh Amendment waiver"). Plaintiff's filing of a tort claims act notice is thus irrelevant to the dismissal of certain claims by this Court under the Eleventh Amendment, and Plaintiff has failed to show any valid basis for this Court to reconsider its decision. Plaintiff's motion is therefore denied.

**IT IS THEREFORE** on this 30th day of August, 2022, **ORDERED** that:

1. Plaintiff's motion to amend judgment (ECF No. 12) is **DENIED**; and
2. The Clerk of the Court shall serve a copy of this Order upon Plaintiff electronically and by regular mail.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

2